WILLIAM H. GILMORE *vs.* JAMES H. PRIOR, EX.

JUNE 27, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of assumpsit brought against the defendant as executor of the will of Julia A. Sutton. The case was tried in the Superior Court by a justice thereof without a jury and decision was rendered for the plaintiff for the sum of $1,798.75. The case is in this court on defendant's exceptions.

Plaintiff conducts a taxicab business. He had a standing order for a period of about seven years to take defendant's testatrix to ride daily except when she was too ill to go out. Plaintiff's claim is for services rendered from July 1, 1930, to February 2, 1931, and on a promissory note for $100. That the services were rendered is not disputed or the amount charged for the same. The defense to the action is that defendant has been paid in full or at least in part.

Defendant's testatrix died at the age of seventy-two years. For some years prior to her death she was in poor health. She suffered from diabetes, one leg had been amputated and her eyesight was poor. The plaintiff besides taking her to ride performed other services for her. He collected rents, went with her to the bank and safe deposit vault. She appears to have reposed great confidence in him. One of her relatives testified that she said she could not get along without Mr. Gilmore. Other relatives and close friends testified to the same effect. Her will contains the following: "I give and devise to my friend William H. Gilmore, who has served me faithfully for many years, the real estate which I own in the city of Cranston."

It appears from the record that either in November, 1930, or January, 1931, the plaintiff went with Mrs. Sutton to her safe deposit box and cut off some coupons for her, that she took a bond and said: "This is for you. Say nothing about it and I will give you more." If the bond was given to the plaintiff in January, 1931, as appears probable from the record, it had at that time a market value of $890.

The defendant contends that the plaintiff has been paid in full and, if not sustained in this contention, that the value of the bond should be applied as a credit on the amount due the plaintiff.

The plaintiff's wife kept his accounts. She is manifestly not an expert bookkeeper. The accounts are in pencil on loose sheets of paper and consist merely of amounts due placed opposite the names of patrons. When payment was received a check mark was made after the charge. A check

mark appears after the charge against Mrs. Sutton for the month of December, 1930. Plaintiff's wife testified that it was placed there by mistake, that the only payments made by Mrs. Sutton from July to the time of her death were $58.25 on November 22, 1930, and $50 on December 1 of the same year. She further testified that bills were rendered monthly but the balance already due was not carried forward, and plaintiff explained this as being done at the request of Mrs. Sutton.

During the latter part of her life Mrs. Sutton appears to have been pressed for money. Plaintiff testified that she had paid some of his bills in installments and that she borrowed $100 from him in 1929 for which she gave a promissory note. A witness for the plaintiff testified that he loaned her $150 shortly before her death.

On this record the question of payment is one of fact. The trial justice had the advantage of seeing and hearing the witnesses. In rendering his decision he said: "This does not appeal to the court as a case which arouses suspicion on the part of the court that the story told to the court is not true. He apparently makes a good appearance on the stand." There was evidence to support the finding of the trial justice and the well settled rule is that the findings of fact by a justice of the Superior Court will not be disturbed unless clearly wrong.

In support of his second contention that the bond should be deemed a payment on account, the defendant relies on the rule that the transfer of money or other property by a debtor to one to whom he is indebted will be presumed to have been intended as a discharge or satisfaction of the debt and not as a gratuity. *Re Estate of Sarah Willmot*, 71 A. L. R. (Iowa) 1018. Defendant does not contend that as a matter of law a debtor may not make a gift to his creditor, but that under such circumstances a presumption arises that the transaction was a payment and not a gift. We accept this as a correct statement of the law but this presumption creates only a *prima facie* case in favor of the

defendant and casts on the plaintiff the burden of overcoming the same by said evidence. When this has been done, the presumption becomes inoperative. *Colangelo* v. *Colangelo*, 46 R. I. 138. The relations between the plaintiff and the decedent were not merely business relations; they were friendly and confidential. That Mrs. Sutton was grateful to the plaintiff for the care and consideration he gave her is abundantly proved by the uncontradicted testimony of her relatives and friends. A close friend testified that Mrs. Sutton on the Saturday night before she died said that she could not get along without Mr. Gilmore, that he was her eyes, ears and feet, and if she left him all she had she could not be leaving him enough. And to the same effect is the testimony of a cousin of the deceased.

Plaintiff testified that after he received the bond he continued to render monthly bills and that no question was ever raised by Mrs. Sutton as to the amount stated therein or any claim made that they had been paid by the bond.

Actions of this character, when one party to the transaction has deceased, call for the closest scrutiny. That the trial justice was fully aware of the disadvantage under which an executor labors in defending a claim against an estate is apparent from his decision. He found in this. case that his suspicions were not aroused as to the fairness of the plaintiff's claim and that he was impressed by his appearance on the stand.

We think that there was sufficient testimony to warrant his finding, which was involved in his decision, that the plaintiff had established as a fact that the bond was delivered to him as a gift and not as a payment on account.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

HAHN, J.; dissents.

*John A. Tillinghast,* for plaintiff.

*Percy W. Gardner, Ada L. Sawyer,* for defendant.